# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

**Toney Robinson, Plaintiff,**

NOV 23 '26 PM2:17
RCV'D - USDC FLO SC

**v.**

**JW ALUMINUM COMPANY, Defendant.**

**Civil Action No.: ____________________**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

Plaintiff Toney Robinson, appearing individually and without counsel, alleges on personal knowledge as to his own acts and experiences and on information and belief as to matters in Defendant's possession:

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Toney Robinson is an adult resident of Salters, South Carolina. His mailing address is 68 Dean Avenue, Salters, SC 29590.

2. Defendant JW Aluminum Company is a private employer operating in South Carolina. The EEOC records identify its corporate correspondence address as 115 Fairchild Street, Suite 400, Charleston, SC 29492. Plaintiff must confirm the proper legal entity and registered agent for service.

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and the enforcement provisions of Title VII, 42 U.S.C. § 2000e-5(f)(3), and the ADA, 42 U.S.C. § 12117(a).

4. Venue is proper under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in South Carolina. The particular division and facility location should be verified before filing.

5. Plaintiff filed EEOC Charge No. 14C-2026-00306 against Defendant. The EEOC issued a Determination and Notice of Rights dated August 26, 2026; Plaintiff received it August 26, 2026. This action is filed within 90 days of receipt if filed no later than November 24, 2026. A copy of the Notice of Rights may be attached as Exhibit A.

## II. FACTUAL ALLEGATIONS

6. Plaintiff began working for Defendant on or about October 15, 2015. His most recent assignment was in scrap preparation.

7. Plaintiff identifies as Native American Indian. Plaintiff alleges that he experienced less favorable discipline than employees outside that protected classification. Defendant disputes knowledge of his Native American identity; the identity perceived by the relevant decision-makers and when they learned of it are matters requiring proof.

8. Plaintiff experienced neurological migraine headaches and alleges that he had a disability within the meaning of the ADA. He alleges Defendant had notice through his workplace communications and leave-related dealings. The specific limitations, disclosures, and dates require confirmation from Plaintiff and the original records.

9. Plaintiff alleges that after assignment to Supervisor Evans, workplace intimidation and harassment increased beginning around August 2024.

10. Plaintiff reported a coworker-related problem around July 4, 2024. Whether that report expressly opposed race or disability discrimination, as opposed to an ordinary workplace dispute, must be established from the underlying communication.

11. Plaintiff alleges he made a verbal complaint on or about January 10, 2025, and emailed Human Resources on May 8, 2025 concerning Supervisor Evans's harassment, management inaction, and adverse effects on his health.

12. Plaintiff alleges coworkers mocked or disparaged disability-related needs during workplace meetings, including remarks about having to leave early, while Supervisor Evans was present and did not intervene.

13. Plaintiff alleges that comparable coworkers outside his protected classification received less severe treatment for similar or more serious performance and attendance infractions. Plaintiffs must identify the coworkers, supervisors, offenses, dates, and actual disciplinary outcomes.

14. Defendant states it issued Plaintiff a formal warning on November 23, 2024, a final warning in May 2025, and a performance improvement plan in October 2025. Plaintiff disputes the fairness and motivation of certain disciplinary actions.

15. Plaintiff alleges certain absences considered in disciplinary decisions were approved or protected under the Family and Medical Leave Act. Defendant denies that the absences leading to termination were protected. The precise absence dates and approved leave designations require verification.

16. Defendant identifies alleged attendance or notice problems around October 24 and October 29, 2025 and November 4, 2025. Plaintiff disputes that Defendant's stated explanation fully and truthfully accounts for the termination decision.

17. On or about November 4, 2025, Defendant terminated Plaintiff's employment. Plaintiff alleges race, disability, and retaliation were motivating or causative factors, rather than only the policy violations asserted by Defendant.

18. Plaintiff alleges loss of employment income and benefits, emotional distress, and other consequential harms, the amounts of which will be proven with records.

19. Defendant denies discrimination and retaliation and asserts legitimate reasons for its decisions. Plaintiff alleges those reasons were selectively enforced or pretextual, subject to discovery and proof.

## III. COUNT I — TITLE VII RACE DISCRIMINATION (42 U.S.C. § 2000e-2(a)(1))

20. Plaintiff incorporates paragraphs 1–19.

21. Plaintiff alleges he was qualified for his position and suffered adverse employment actions including discipline and discharge.

22. Plaintiff alleges Defendant treated similarly situated employees outside his protected race more favorably and that race was a motivating factor in the challenged employment decisions.

23. Plaintiff seeks relief authorized by Title VII for adverse acts timely exhausted or otherwise properly considered under governing law.

## IV. COUNT II — TITLE VII RETALIATION (42 U.S.C. § 2000e-3(a))

24. Plaintiff incorporates paragraphs 1–19.

25. To the extent his January 2025 complaint, May 8, 2025 HR email, or other communications opposed practices he reasonably believed discriminatory under Title VII, Plaintiff engaged in protected opposition.

26. Defendant knew of the protected opposition, and Plaintiff alleges it thereafter imposed materially adverse treatment, including discipline and termination, because of that opposition.

27. Plaintiff alleges a causal connection supported by the timing, differential treatment, and asserted inconsistencies, subject to proof of the actual communications and decision-makers' knowledge.

## V. COUNT III — ADA DISABILITY DISCRIMINATION (42 U.S.C. § 12112(a))

28. Plaintiff incorporates paragraphs 1–19.

29. Plaintiff alleges his migraine condition substantially limited one or more major life activities when active and that he could perform the essential functions of his position with or without reasonable accommodation.

30. Plaintiff alleges Defendant knew or regarded him as having a disability and subjected him to adverse treatment, including discharge, because of disability.

31. Defendant denies disability discrimination. Plaintiff requests compensatory and other available relief upon proof of each element.

## VI. COUNT IV — ADA FAILURE TO ACCOMMODATE (42 U.S.C. § 12112(b)(5)(A))

32. Plaintiff incorporates paragraphs 1–19.

33. Plaintiff alleges he communicated a need for disability-related adjustments or leave. The specific request, requested modification, dates, and recipient must be identified from firsthand testimony and records before retaining this count.

34. To the extent Defendant denied a reasonable accommodation or failed to engage appropriately in the accommodation process and that failure caused actionable harm, Plaintiff seeks available relief. Mere FMLA approval alone does not establish an ADA accommodation request.

## VII. COUNT V — ADA DISABILITY-BASED HARASSMENT / HOSTILE WORK ENVIRONMENT

35. Plaintiff incorporates paragraphs 1–19.

36. Plaintiff alleges repeated disability-related mocking, humiliation, and intimidation, including comments made in Supervisor Evans's presence.

37. Plaintiff alleges that the conduct was unwelcome, based on disability, sufficiently severe or pervasive under the applicable standard, and imputable to Defendant because management knew or should have known and failed to take adequate corrective action.

38. Plaintiff seeks relief for timely actionable harassment and conduct properly considered as part of the same unlawful employment practice.

## VIII. COUNT VI — ADA RETALIATION (42 U.S.C. § 12203(a))

39. Plaintiff incorporates paragraphs 1–19.

40. Plaintiff alleges he complained about disability-related harassment or sought accommodation, and that Defendant thereafter took materially adverse action because of those protected activities.

41. Plaintiff seeks the remedies available under the ADA retaliation provisions, subject to applicable remedial limitations.

## IX. REQUEST FOR RELIEF

42. Plaintiff requests judgment against Defendant on each count proven;

43. Back pay, lost benefits, and prejudgment interest as authorized;

44. Reinstatement or, if reinstatement is impracticable, front pay where legally available;

45. Compensatory damages, including proven emotional-distress harm, where authorized;

46. Punitive damages where authorized and upon proof of the required mental state, subject to applicable statutory caps;

47. Appropriate declaratory and prospective injunctive relief;

48. Costs and any attorney's fees recoverable under applicable law, if incurred and authorized;

49. Such further lawful and equitable relief as the Court finds just, without duplicative recovery.

## X. JURY DEMAND

50. Plaintiff demands trial by jury on all issues triable of right by jury.

**I affirm and certify under penalty of perjury, the statement(s) and information(s) herein, are true and correct.**

Respectfully,

Toney Robinson

Toney Robinson, Plaintiff, self-represented

68 Dean Avenue

Salters, SC 29590

Telephone: (843) 372-6976

Email: toneyrobinson@ y.mail

Date signed: 11-22-26